# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-30246
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY TERREAL HOLMES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-224-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Terry Terreal Holmes of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana; maintaining a drug-involved premises; possession with intent to distribute cocaine base; possession with intent to distribute marijuana; and possession of a firearm after a felony conviction. *See* 21 U.S.C. §§ 841(a)(1), 846, 856(a)(2); 18 U.S.C. § 922(g)(1). The district court sentenced Holmes to a cumulative prison term of 188 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holmes challenges the district court's decision to deny his suppression motion without a hearing. He contends that he made a substantial preliminary showing of entitlement to a hearing because he showed that a police officer's identical affidavits used to obtain search warrants for adjacent premises included inaccuracies and omissions that raise an inference that the affidavits were entirely fabricated. According to Holmes, the warrants rested on intentionally falsified information.

The prosecution's evidence will be suppressed and excluded from consideration "where a Fourth Amendment violation has been substantial and deliberate." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). An affidavit supporting a warrant carries a presumption of validity. *Id.*; *United States v. Gunn*, 49 F.3d 728 (5th Cir. 1995). Nevertheless, a defendant challenging that presumption is entitled to an evidentiary hearing if he makes a substantial preliminary showing that a false statement was knowingly and intentionally, or with reckless disregard for the truth, included by the affiant in a warrant affidavit, provided that the allegedly false statement is necessary to the finding of probable cause. *Franks*, 438 U.S. at 155-56; *United States v. El-Mezain*, 664 F.3d 467, 570 (5th Cir. 2011).

"We review for clear error the district court's finding that an affiant's statements were not deliberately false or not made with reckless disregard for the truth." *United States v. Thomas*, 627 F.3d 146, 159 (5th Cir. 2010). "We review de novo the district court's conclusions of law, which include the decision to deny an evidentiary hearing under *Franks*." *Id.*

Holmes contends that the following representations made to the judge who issued the search warrants were false or misleading and consequently called each affidavit into question as a complete fabrication: the affidavits mentioned a light on his porch, but there is no light fixture there; the affidavits mentioned that an informant saw a safe in his residence, but no safe was found when the warrant was executed; the affidavits stated that the utilities for the laundry

business were in his name, but in fact the registration was in the name of his business; and the police officer intentionally misled the judge by not revealing that prior arrest warrants for Holmes for cocaine distribution concerned conduct occurring two years earlier.

"An unsupported assertion that an affidavit contains a misstatement (or an omission) does not give rise to the inference that the affiant acted with reckless disregard for the accuracy of the information presented to the magistrate." *United States v. Runyan*, 290 F.3d 223, 234 n.6 (5th Cir. 2002); *see also United States v. Mueller*, 902 F.2d 336, 341-42 (5th Cir. 1990). Moreover, our review of the affidavits and of the entire record compels the conclusion that Holmes fails to establish even an inference of deliberate or reckless falsity. Holmes's contentions concerning the utilities statements and the prior arrest warrants are nothing "more than conclusory." *Franks*, 438 U.S. at 171. Holmes's contentions concerning the bedroom safe are refuted by the record, which shows that police did find a safe in the residence. And Holmes's contention concerning the porch light is unpersuasive, given that the district court had a clarifying affidavit before it when it ruled that a *Franks* hearing was unnecessary. Thus, we reject Holmes's invitation to conclude that the police officer's affidavits were made from whole cloth.

Because we do not disturb the district court's decision to deny the suppression motion without a hearing, Holmes's conviction is AFFIRMED.